## Young vs. The Washington County Mutual Insurance Company.

Where an application for insurance upon a dwelling house described a *store* owned by the applicant, situated near the house, and the policy subsequently issued contained no prohibition against the rebuilding of the store in case of loss; *Held*, that on its being burnt, the owner had a right to rebuild the same; using ordinary care and prudence in so doing. And that if a fire, originating in the new store, while in the process of erection, destroyed the house insured, without any negligence on the part of the insured, he was entitled to recover, upon the policy.

Appeal by the defendants from a judgment entered against them at the circuit. The action was brought to recover an alledged loss under a policy of insurance against fire, issued by the defendants to R. C. Weeden. The plaintiff sued as assignee of the policy. The cause was tried at the Saratoga circuit in April, 1852, before Willard, justice, a jury being waived. The justice found the following facts: 1st. The making of the policy of insurance by the defendants, as in the pleadings stated; the several assignments thereof with the defendants' consent; and that the same, and the right to recover in this cause, became and was vested in the plaintiff. 2d. The preliminary proofs as required by the policy. 3d. That the building insured was destroyed by fire in the night of the 18th day of June, 1850; that the house, at the time it was burnt, was worth $500; and that all reasonable exertions were made by the insured, but without success, to save the building. 4th. That the fire was occasioned by the burning of a store then in process of erection by the insured, on the site of a store of the insured which was standing at the date of the policy, and which was described in the application therefor, and which had been burnt in March, preceding. The new store stood upon the same foundation with the old store, and was of the same size upon the ground, except that the new store covered the passage to go down cellar at the northeast corner thereof, which in the old store was open. The old store was a story and a half high, the new one was two stories high; being about five feet higher than the old store. 5th. That in the erection of the new store the carpenters, as is customary

in the country, used the building, after it was erected, for a shop to get out the work for the building, but for no other purpose; that there were shavings and other combustibles in the building at the time of the fire; that the carpenters had no fire in the building for several days before the fire, and were guilty of no negligence. 6th. That the defendants rejected the claim now in suit, solely on the ground of the erection of the store by the insured above mentioned. 7th. That the rebuilding of the store was not forbidden by the policy. 8th. That a carpenter's risk is an increased hazard beyond a dwelling house or store risk; and that there was more hazard in rebuilding the old store than if the ground had been left vacant. But as the insurers had not guarded against it in the policy, it was a risk within the policy; that the increased height of the new store did not contribute to the loss. The new store would have burnt down, without injury to the house, but for the force and direction of the wind.

And the judge found, as a conclusion of law, that the insured was entitled to rebuild the old store upon the old foundation; that in so doing he was bound to use reasonable care to guard against such accidents; and, having used such care, that he was entitled to recover.

*W. A. Beach,* for the appellants.

*Root & Thayer,* for the respondent.

*By the Court,* WILLARD, P. J. The case of *Stebbins* v. *The Globe Ins. Co.,* (2 *Hall,* 632,) relied on by the defendants, is an authority the other way. In that case the representation was that certain ground contiguous to the building insured was *vacant.* The defendants offered to show that during the running of the policy, the insured erected other buildings on this vacant ground. This evidence was excluded by Oakley, justice, as immaterial. There was no warranty that the insured should not build on the vacant ground, nor was there in this case that he should not rebuild. No doubt in both cases, the erecting of

Young *v.* Washington Co. Mutual Ins. Co.

new buildings increased the risk; but it was still a lawful and not a fraudulent act. Oakley said he excluded the evidence of erecting buildings on the vacant ground as immaterial, unless the defendants could show that the fire originated in the buildings thus erected, or was communicated by them to the one burnt. The defendants' counsel infers from this, that if the burning of the new building occasioned the burning of the one insured, the person insured cannot recover. But the judge does not say so. The erection of a building on a vacant lot, when there is no warranty to the contrary, cannot in the abstract, injure the defendants. The material point is whether the erection occasioned the loss. Grant that in the latter case, the insured cannot recover, still it does not interfere with the plaintiff's right in this case. Here, there was a store standing when the policy was issued, and if it had remained, it would have probably occasioned the loss. It would have been as likely to be burnt as the new one. The insurers expected that a store would remain there during the running of the policy. They inserted no clause against rebuilding it, in case it was burnt. The building was a lawful act. The right of the insured to recover can only be defeated by his having done some wrongful act, prejudicial to the insurer. He had a right to rebuild. If the  fire was occasioned by a want of ordinary care on the part of the insured, in rebuilding, then the plaintiff ought not to have recovered. But the judge has found there was no negligence, and that reasonable care was used. And that the building insured would not have been burnt but for the force and direction of the wind. There is no principle stated by Judge Oakley in *Stebbins* v. *The Globe Ins. Co.* in conflict with the ruling at the circuit.

The judgment must be affirmed.

[SCHENECTADY GENERAL TERM, January, 3, 1853. *Willard, Cady* and *Hand,* Justices.]